IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-244-BO

| | |
|---|---|
| BOBBY HART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DELHAIZE AMERICA TRANSPORTATION, ) | **ORDER** |
| LLC, MED FAST URGENT CARE, DELHAIZE ) | |
| AMERICA DISTRIBUTION CENTER NO. 4 ) | |
| FOOD LION, MIKE DICKEY, RICHARD ) | |
| EASON, and JIM DALY, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on plaintiff's two *pro se* motions to amend his complaint [DE 11, 29], defendant Med Fast Urgent Care's motion to dismiss [DE 22], and the remaining defendants' partial motion to dismiss [DE 18]. All have been fully briefed and are ripe for disposition. For the reasons discussed below, plaintiff's first motion to amend [DE 11] is GRANTED, plaintiff's second motion to amend [DE 29] is DENIED, defendant Med Fast's motion to dismiss [DE 22] is GRANTED, and the remaining defendants' partial motion to dismiss [DE 18] is GRANTED.

BACKGROUND

Plaintiff has been an employee of Delhaize America Transportation, LLC ("DAT") since October 1999. [DE 7-1]. In December 2012 he took a leave of absence from his position due to complications stemming from rectal cancer surgery. [DE 7, p. 6]. When he returned to work in 2013, he requested and received a work accommodation from DAT to limit his driving time to ten hours per day. *Id*. Plaintiff alleges that once in 2016 and "several times" in 2017, DAT did not

"honor this agreement," resulting in him driving more than ten hours in a day. *Id.* Plaintiff further alleges that DAT fostered a hostile work environment "by allowing threats and verbal abuse to continue against" him as someone covered by the Americans with Disabilities Act ("ADA"). *Id.* He alleges that the threats and verbal abuse took place on July 22, 2017 and November 21, 2017. *Id.* Plaintiff alleges that he complained to DAT's human resources department in July 2017 and that, as a result, his "mileage dropped" and his number of daily trips was "cut." *Id.* Plaintiff claims that this occurred over a period from July 2017 until February 2018 and that, due to the lesser mileage and fewer daily trips, his pay was reduced. *Id.*

Additionally, plaintiff alleges that DAT keeps "unauthorized" health information about plaintiff on its computer system. *Id.* He claims that after he asked DAT to remove this information, DAT "retaliated" against him by suspending him from work and denying him the "due process that's afforded to each employee accused of wrokplace [sic] misconduct." *Id.* Plaintiff also alleges that in November 2017, defendant Med Fast released his health information to DAT without his authorization after he completed a Department of Transporation physical. *Id.* Again, when he complained of this to DAT, they "retaliate[ed]" against him. *Id.*

In December 2017, plaintiff filed a charge of discrimination and retaliation in violation of the ADA with the United States Equal Employment Opportunity Commission ("EEOC"). [DE 7-1]. The EEOC charge did not contain claims under Title VII or the Genetic Information Nondiscrimination Act ("GINA"). In March 2018, the EEOC issued plaintiff a Notice of Right to Sue Letter. [DE 7-2].

In June 2018, plaintiff filed suit against defendants DAT, Med Fast, and three individual DAT employees: Mike Dickey, Richard Eason, and Jim Daly. [DE 7, 11]. Plaintiff's complaint included claims under Title VII of the Civil Rights Act of 1964, the ADA, GINA, the Equal Pay

Act ("EPA"), and the Health Insurance Portability Accountability Act ("HIPAA"). [DE 7]. Soon after, plaintiff moved to amend his complaint to remove the individual defendants. [DE 11]. This motion was unopposed. [DE 27].

Defendant DAT then moved to dismiss plaintiff's Title VII, GINA, EPA, and HIPAA claims. [DE 18]. Not long after, defendant Med Fast moved to dismiss the only claim asserted against it, plaintiff's HIPAA claim. [DE 22]. Plaintiff responded in opposition to both motions. [DE 30]. Plaintiff also moved to amend his complaint a second time, this time to add additional facts to his existing claims. [DE 29]. Defendants filed their opposition to this second motion to amend. [DE 32, 35].

## DISCUSSION

### I. Plaintiff's first motion to amend his complaint is granted.

Federal Rule of Civil Procedure 15(a)(1) permits parties to amend their pleadings "once as a matter of course" within twenty-one days of service. But, in "all other cases," parties can amend their pleadings with either "the opposing party's written consent" or the court's permission, which the court "should freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). While plaintiff's first motion to amend his complaint was not filed within twenty-one days of the filing of his complaint, defendants DAT and DAT's individual employees provided their support for the motion, and defendant Med Fast did not oppose it. In particular, plaintiff is seeking to voluntarily dismiss his claims against DAT's individual employees because they are not properly subject to suit on the claims asserted. Accordingly, plaintiff's unopposed motion to amend is granted and the claims against Mr. Dickey, Mr. Eason, and Mr. Daly are dismissed.

### II. Plaintiff's second motion to amend his complaint is denied.

3

A plaintiff may amend his complaint for a second time with the permission of opposing counsel or the court. Fed. R. Civ. P. 15(a)(2). Plaintiff's second motion to amend his complaint is opposed by both of the remaining defendants, DAT and Med Fast. "The law is well settled that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original, internal quotation marks and citation omitted). Here, with respect to each of plaintiff's claims for which dismissal is sought—that is, his Title VII, GINA, EPA, and HIPAA claims, but not his ADA claim—any amendment would be futile. The reasons for the futility of adding new facts to each of these claims is discussed more fully below. Thus, plaintiff's second motion to amend is denied.

III. Defendant Med Fast's motion to dismiss is granted.

Defendant Med Fast has moved to dismiss plaintiff's HIPAA claims against it under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff has failed to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Generally, courts must liberally construe the claims of *pro se* litigants. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). But the court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences,

unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Defendant Med Fast advances two principal arguments against plaintiff's HIPAA claims: first, that HIPAA does not allow for a private right of action, and second, that plaintiff has not alleged sufficient facts to demonstrate that Med Fast violated the law. Because this first argument is fatal to plaintiff's claim, the Court need not consider the second argument. HIPAA does not confer on prospective plaintiffs a private cause of action. *See, e.g.*, *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011); *see also Regan v. U.S. Dep't of Veterans Affairs*, 2012 WL 4866360 at *3 (E.D.N.C. July 25, 2012). The only claims that plaintiff has made against defendant Med Fast arise under HIPAA, and as there is no private right of action created by HIPAA, plaintiff's claims against defendant Med Fast must be dismissed.

IV. The remaining defendants' partial motion to dismiss is granted.

The remaining defendants—now, just DAT, after plaintiff's complaint is amended to voluntarily dismiss the individual employees—have moved to dismiss four of plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The remaining defendants have also moved to dismiss certain claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. In particular, they have moved to dismiss plaintiff's Title VII, GINA, EPA, and HIPAA claims. Again, in confronting a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan*, 7 F.3d at 1134. Even construing plaintiff's *pro se* complaint liberally under *United States v. Wilson*, 699 F.3d 789 (4th Cir. 2012), it must still be facially plausible. *Twombly*, 550 U.S. at 570.

First, plaintiff's HIPAA claims against DAT must be dismissed for the same reason his HIPAA claims against Med Fast were dismissed. HIPAA does not confer a private right of action. *Carpenter*, 419 F. App'x at 659; *see also Barefoot v. Derry*, 2011 WL 2746313, at *2 (E.D.N.C. July 13, 2011) ("HIPAA does not provide for a private right of action"). Thus, plaintiff cannot state a HIPAA claim upon which relief can be granted.

Second, plaintiff's EPA claim against DAT must be dismissed because plaintiff has failed to allege sufficient facts to show that he was paid less than female employees as a result of his sex. The Equal Pay Act provides that employers cannot pay employees of opposite sexes disparate pay for equal work. 29 U.S.C. § 206(d). To establish an actionable claim under the EPA, the plaintiff must show that he received lower pay than a female employee performing substantially the same work under similar conditions. *Strag v. Bd. of Trustees*, 55 F.3d 943, 948 (4th Cir. 1995). Plaintiff has alleged only that his mileage "dropped" and the number of trips he made was "cut." [DE 7, p. 6]. He has not alleged that he was paid less on the basis of his gender. Thus, plaintiff's EPA claim must be dismissed.

Defendant DAT has also moved to dismiss plaintiff's Title VII and GINA claims on the basis that the Court lacks jurisdiction to hear those claims. A plaintiff's failure to exhaust administrative remedies in an EEOC action prevents the federal courts from exercising subject-matter jurisdiction over the claims not presented to the agency. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). As a prerequisite to federal jurisdiction, the plaintiff must obtain, or at least be entitled to, a notice of the right to sue from the EEOC. *See Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091 (4th Cir. 1982). This applies both to Title VII and GINA claims. *See Jones*, 551 F.3d at 300 (citing 42 U.S.C. § 2000e-5(f)(1) and 29 U.S.C. § 626(d)); *see also Moody-Williams v. LipoScience*, 953 F. Supp. 2d 677, 681 (E.D.N.C. 2013) (granting motion to

dismiss for plaintiff's failure to raise his GINA claims with the EEOC). Administrative charges "frame[] the scope of future litigation." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). In fact, "[i]f the claims raised under Title VII exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Chacko*, 429 F.3d at 509 (internal citation and quotation marks omitted). To the extent that plaintiff seeks to advance claims which were not contained in his EEOC charge and which "would [not] naturally have arisen from an investigation thereof," those claims must be dismissed for lack of jurisdiction. *See id.*

Both plaintiff's Title VII claim and his GINA claim must be dismissed for lack of jurisdiction. Plaintiff's EEOC charge alleged discrimination and retaliation on the basis of his disability in violation of the ADA. The EEOC charge did not include any claims based on either Title VII or GINA. Plaintiff had the opportunity to mark the box beside "Genetic Information" on the EEOC charge and did not do so. Plaintiff's written summation of his claim contains no reference to any discrimination or retaliation on the basis of genetic information, race, color, sex, religion, or national origin. Rather, plaintiff's claim arises solely from discrimination and retaliation under the ADA. As plaintiff has failed to exhaust administrative remedies for his Title VII and GINA claims, and as a result the Court lacks subject-matter jurisdiction over those claims, plaintiff's Title VII and GINA claims must be dismissed.

In sum, plaintiff's Title VII, GINA, EPA, and HIPAA claims against defendants DAT and Med Fast are all dismissed. Plaintiff may proceed with his ADA claim against defendant DAT.

## CONCLUSION

For the above reasons, plaintiff's first motion to amend [DE 11] is GRANTED, plaintiff's second motion to amend [DE 29] is DENIED, defendant Med Fast's motion to dismiss [DE 22] is GRANTED, and the remaining defendants' partial motion to dismiss [DE 18] is GRANTED.

SO ORDERED, this __1__ day of October, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE